# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 99-41466
## Summary Calendar

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ESIQUIO SOLIS-RODRIGUEZ,**

**Defendant-Appellant.**

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-47-ALL
- - - - - - - - - -
September 15, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Esiquio Solis-Rodriguez (Solis) appeals from his 57-month sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. Solis argues that the court improperly enhanced his base offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A). Solis contends that the section does not apply because his deportation, which occurred in 1998, was based on his 1998 misdemeanor conviction for possession of marijuana rather than his 1991 aggravated-felony conviction. He also argues that "[t]he length of time between the felony offense

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the deportation was too remote to justify the 16-level increase." These arguments are frivolous.

This court reviews the district court's application of the Sentencing Guidelines de novo. United States v. Monjaras-Castaneda, 190 F.3d 326, 329 (5th Cir. 1999), cert. denied, 120 S. Ct. 1254 (2000). Section 2L1.2(b)(1)(A) provides for a 16-level increase in the defendant's offense level if the defendant previously was deported after a conviction for an aggravated felony. § 2L1.2(b)(1)(A). The section's commentary specifically states that "`[d]eported after a conviction' means that the deportation was subsequent to the conviction, whether or not the deportation was in response to such conviction." § 2L1.2, comment. (n.1)(emphasis added). The commentary also defines "`[a]ggravated felony' . . . without regard to the date of conviction of the aggravated felony." Id.(emphasis added). As Solis previously was deported after a criminal conviction for an aggravated felony, the district court properly applied § 2L1.2(b)(1)(A) in calculating his sentence.

**AFFIRMED.**